# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| QUANDARIAN FAULKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-1241-WKW |
| | ) | [WO] |
| TODD INGRAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

On July 11, 2017, the Magistrate Judge filed a Recommendation (Doc. # 25) to which Plaintiff did not object and Defendants timely objected in part (Doc. # 26). While agreeing with the Recommendation that summary judgment for Defendants is appropriate as to Plaintiff's federal-law claims, Defendants disagree with the Recommendation that Plaintiff's state-law claims be remanded to state court. Rather, Defendants urge this court to dismiss the state law claims with prejudice. (Doc. # 26.) Upon an independent and *de novo* review of the record and Recommendation, Defendants' objections are due to be overruled.

The Recommendation cites *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988), for the well-established principle that the exercise of supplemental jurisdiction is discretionary and should be determined based on "judicial economy, convenience, fairness and comity." (Doc. # 25, at 25–26); *see also* 28 U.S.C.

§ 1367(c)(3) (providing that "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if—(3) the district court has dismissed all claims over which it has original jurisdiction").

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7. The Eleventh Circuit also has "'encouraged'" district courts to invoke § 1367(c)(3) when "'the federal claims have been dismissed prior to trial.'" *Slaughter v. U.S. Dep't of Agric.*, 555 F. App'x 927, 929 (11th Cir. 2014) (quoting *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)). Moreover, where, as here, the "case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, . . . [the] remaining claim should be remanded to state court." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005).

There is no reason to depart from that usual rule here. Accordingly, it is ORDERED as follows:

1.      Defendants' objections (Doc. # 26) are OVERRULED;

2.      The Recommendation (Doc. # 25) is ADOPTED;

3. Defendants' Motion for Summary Judgment (Doc. # 9) is GRANTED as to Plaintiff's Fourth and Fourteenth Amendment claims;

4. Plaintiff's claims challenging the constitutionality of the revocation of Plaintiff's probation are DISMISSED without prejudice;

5. Plaintiff's challenges to the constitutionality of his arrest and his claim of perjury are DISMISSED with prejudice; and

6. Plaintiff's state-law claims are REMANDED back to the Circuit Court of Chilton County, Alabama.

A final judgment will be entered separately.

DONE this 16th day of August, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
